EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Laura Menéndez Lebrón & Myrna Velázquez Castro<br><br>Recurridas<br><br>v.<br><br>Amel Rodríguez Casiano, Puerto Rico Rican Cars, Inc.; Cooperativa de Seguros Múltiples, John Doe y Compañía de Seguros ABC<br><br>Peticionarios<br><br>Administración de Compensaciones de Accidentes de Automóviles (ACAA)<br><br>Parte Interventora | Certiorari<br><br>2020 TSPR 08<br><br>203 DPR \_\_\_\_ |

Número del Caso:  AC-2017-97

Fecha: 3 de febrero de 2020

Tribunal de Apelaciones:

      Región Judicial de Ponce-Aibonito, Panel IX

Abogado de la parte Peticionario:

    Joseph Santaella Varela

Abogado de la parte Recurrida:

    Lcdo. Jesús M. Del Valle

Materia:  Sentencia con Opinión de conformidad, Opinión de conformidad en parte y disidente en parte y Opinión disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Laura Menéndez Lebrón & Myrna Velázquez Castro<br><br>Recurridas<br><br>v.<br><br>Amel Rodríguez Casiano, Puerto Rico Rican Cars, Inc.; Cooperativa de Seguros Múltiples, John Doe y Compañía de Seguros ABC<br><br>Peticionarios<br><br>Administración de Compensaciones de Accidentes de Automóviles (ACAA)<br><br>Parte Interventora | **Núm.** AC-2017-0097 | |

SENTENCIA

En San Juan, Puerto Rico, a 3 de febrero de 2020.

Expedido el recurso de *certiorari*, y con el beneficio de la comparecencia de ambas partes, se revoca el dictamen emitido por el Tribunal de Apelaciones y se desestima la causa de acción presentada en contra de la Cooperativa de Seguros Múltiples de Puerto Rico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada Rodríguez Rodríguez emitió una Opinión de Conformidad a la que se unen los Jueces Asociados señor Martínez Torres, señor Kolthoff Caraballo y señor Feliberti Cintrón. El Juez Asociado señor Estrella Martínez emite una Opinión de conformidad en parte y disidente en parte. El Juez Asociado señor Colón Pérez disiente con opinión escrita.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Laura Menéndez Lebrón & Myrna Velázquez Castro<br><br>        Recurridas<br><br>             v.<br><br>Amel Rodríguez Casiano, Puerto Rico Rican Cars, Inc.; Cooperativa de Seguros Múltiples, John Doe y Compañía de Seguros ABC<br><br>        Peticionarios<br><br>Administración de Compensaciones de Accidentes de Automóviles (ACAA)<br><br>     Parte Interventora | **Núm.** AC-2017-0097 |

Opinión de Conformidad emitida por la Juez Asociada señora Rodríguez Rodríguez a la que se unen los Jueces Asociados señor Martínez Torres, señor Kolthoff Caraballo y señor Feliberti Cintrón

En San Juan, Puerto Rico, a 3 de febrero de 2020.

La controversia ante la consideración de este Tribunal requiere determinar si la interrupción del término prescriptivo en contra de un asegurado surte efectos contra su asegurador. En específico, debemos evaluar si el Artículo 20.030 de la Ley Núm. 77 del 19 de junio de 1957, según enmendada, mejor conocida como el Código de Seguros de Puerto Rico, 26 LPRA sec. 2003 (Código de Seguros), establece una relación de solidaridad legal entre asegurador y asegurado.

I.

El 10 de agosto de 2014, las señoras Laura Menéndez Lebrón y Myrna Velázquez Castro (recurridas) presentaron una demanda en daños y perjuicios contra el Sr. Amel

Rodríguez Casiano, Puerto Rican Cars, Inc. (PR Cars), John Doe y la Compañía de Seguros ABC. Mediante dicha acción reclamaron por los daños que sufrieron luego de un accidente automovilístico, ocurrido el 6 de abril de 2014, y presuntamente causado por el señor Rodríguez Casiano.

Debemos señalar que en las alegaciones de la demanda "John Doe" fue descrito como "una persona jurídica o natural que le responde a la Parte Demandante por sus acciones u omisiones que causaron o contribuyeron a causar todos o parte de los daños alegados en la demanda". Véase *Demanda*, Anejo IV, Apelación, en la pág. 53. Asimismo, surge de ésta que la "Compañía de Seguros ABC" es "una compañía de seguros creada por ley, cuyo nombre se desconoce y para la fecha del accidente que se relata más adelante tenía una póliza de responsabilidad pública a favor de la también **Parte Demandada John Doe**". *Id.* (énfasis suplido).

Así, el 9 de enero de 2015, el Tribunal de Primera Instancia anotó la rebeldía a PR Cars, ya que fueron emplazados el 10 de octubre de 2014 y no habían presentado la contestación a la demanda. De igual forma, el 12 de junio de 2015, el foro primario anotó la rebeldía al codemandado, el señor Rodríguez Casiano, y señaló vista en rebeldía para el 17 de septiembre de 2015.

Sin embargo, el 1 de septiembre de 2015, PR Cars compareció ante el Tribunal de Primera Instancia y, el 8 de septiembre de 2015, presentó una moción de desestimación. Luego de ciertos trámites procesales, el 22

de octubre de 2015, las señoras Menéndez Lebrón y Velázquez Castro remitieron a la Administración de Compensaciones por Accidente de Automóviles (ACAA) y PR Cars un pliego de interrogatorio y requerimiento de producción de documentos. El 23 de noviembre de 2015, las recurridas solicitaron permiso al foro primario para realizar un descubrimiento de prueba con la intención de estar en mejor posición para responder a la moción de desestimación presentada en su contra. Luego, el 2 de marzo de 2016, éstas solicitaron al Tribunal de Primera Instancia que ordenara a los codemandados contestar los interrogatorios enviados. El 12 de abril de 2016, la ACAA remitió su contestación. En cambio, no fue hasta el 27 de junio de 2016 que PR Cars remitió vía correo electrónico su contestación al interrogatorio y produjo los documentos solicitados.

En atención a ello, el **1 de agosto de 2016**, las señoras Menéndez Lebrón y Velázquez Castro presentaron una *Moción de Autorización para Presentar Demanda Enmendada y Expedición de Emplazamiento*. Acompañaron la moción con una demanda enmendada, en la que se incluyó a la Cooperativa de Seguros Múltiples de Puerto Rico (CSMPR), como aseguradora de PR Cars y del señor Rodríguez Casiano. En ésta, señalaron que habían advenido en conocimiento de la existencia de la CSMPR mediante la contestación del interrogatorio cursado a PR Cars. En relación con el contenido de la demanda enmendada, resaltamos que las partes "John Doe" y "Compañía de Seguros ABC" continuaron

figurando como codemandados de nombre desconocido en el epígrafe y se incluyeron alegaciones en su contra exactamente idénticas a las presentadas en la demanda original. Véase *Demanda Enmendada*, Anejo IV, Apelación, en la pág. 65.[1]

El 19 de diciembre de 2016, la CSMPR contestó la demanda, negó todas alegaciones en su contra y presentó, en conjunto a la contestación, una moción de desestimación alegando que la causa de acción en su contra estaba prescrita. El 13 de enero 2017, la CSMPR presentó una segunda moción de desestimación en la que reiteró que los hechos por los cuales las recurridas le reclamaban habían ocurrido el 6 de abril de 2014, pero que no fue traída al pleito hasta el 1 de agosto de 2016. De igual forma, sostuvo que las señoras Menéndez Lebrón y Velázquez Castro nunca le reclamaron extrajudicialmente y no fueron diligentes porque la trajeron al pleito, dos (2) años después de ocurridos los hechos.

El 21 de febrero de 2017, las recurridas se opusieron a la moción de desestimación y reiteraron que durante el descubrimiento de prueba advinieron en conocimiento de la póliza expedida por la CSMPR a favor de PR Cars y el señor

[1] Según la demanda enmendada, *John Doe* continuó siendo descrito como "una persona jurídica o natural que le responde a la Parte Demandante por sus acciones u omisiones que causaron o contribuyeron a causar todos o parte de los daños alegados en la demanda". Véase *Demanda Enmendada*, Anejo VI, Apelación, en la pág. 60. Mientras que la "Compañía de Seguros ABC" continuó figurando como "una compañía de seguros creada por ley, cuyo nombre se desconoce y para la fecha del accidente que se relata más adelante tenía una póliza de responsabilidad pública a favor de la también Parte Demandada *John Doe*". *Id.*

Rodríguez Casiano. A la luz de esto, arguyeron que la dilación se debió a la temeridad desplegada por PR Cars en contestar los interrogatorios.

Así las cosas, el Tribunal de Primera Instancia denegó la moción de desestimación presentada por la CSMPR, mediante una resolución notificada el 20 de junio de 2017. Por estar en desacuerdo, el 27 de junio de 2017, presentó una moción de reconsideración; la cual también fue denegada.

Aún inconforme, el 2 de agosto de 2017, la CSMPR presentó un recurso de *certiorari* ante el Tribunal de Apelaciones. En una resolución, notificada el 9 de agosto de 2017, dicho foro denegó expedir el recurso. El foro apelativo intermedio sostuvo que "[u]na vez evaluada la prueba documental suministrada, que incluyó la copia certificada de la póliza [de las recurridas] obtuvieron autorización para traer a CSMPR al pleito. Al hacerlo, lo hicieron oportunamente, pues, fue en ese momento que conocieron, efectiva y confiablemente, que CSMPR era la aseguradora de los demandados". *Resolución del 8 de agosto de 2017*, en la pág. 6. La CSMPR presentó una moción de reconsideración, la cual el Tribunal de Apelaciones denegó mediante resolución, notificada el 12 de septiembre de 2017.

Insatisfecha, el 29 de noviembre de 2017, la CSMPR presentó un recurso de apelación ante este Foro.[2] Así las

---

[2] Mediante dicho escrito planteó los siguientes señalamientos de error:

cosas, el 23 de febrero de 2018, este Tribunal acogió el recurso como una petición de *certiorari* y ordenó a la CSMPR presentar el alegato correspondiente.

El 15 de mayo de 2018, la CSMPR presentó su alegato y, en esencia, arguye que el término prescriptivo de un (1) año para ejercer una acción por daños y perjuicios nunca fue interrumpido. Así, sostiene que cuando en la demanda original se trajo a la "Compañía de Seguros ABC" no se refería a la CSMPR como la aseguradora de PR Cars ni del señor Rodríguez Casiano. En su lugar y, conforme a la demanda, la aseguradora de nombre desconocido mantenía una póliza de responsabilidad pública a favor de un codemandado desconocido, "John Doe". De igual forma, la CSMPR sostiene que la demanda original no contiene alegaciones en su contra ni tampoco se le realizó una reclamación extrajudicial. Por todo lo cual, las recurridas también arguye que transcurrió más de un (1) año desde los hechos que dieron lugar a la presente causa

---

Erró el Tribunal de Apelaciones al no revisar la determinación del Tribunal de Primera Instancia a pesar de que existen decisiones encontradas, dentro del foro apelativo, respecto a la interrupción del término de prescripción contra una compañía aseguradora.

Erró el Tribunal de Apelaciones al no revisar la determinación del Tribunal de Primera Instancia, denegando la desestimación por prescripción, a pesar de que no se interrumpió el término prescriptivo contra la Cooperativa de Seguros Múltiples de Puerto Rico.

Erró el Tribunal de Apelaciones al negarse a expedir el recurso presentado, a pesar de que la determinación del Tribunal de Primera Instancia erró al tratar la relación aseguradora/asegurado como una solidaria.

de acción, el 6 de abril de 2014, o cuando se presentó la demanda original, el 8 de octubre de 2014, hasta que se le incluyó en el pleito el 1 de agosto de 2016.

De otra parte, la CSMPR también argumenta que sostener las decisiones de los foros recurridos sería avalar que en la relación contractual entre un asegurador y su asegurado se presuma la solidaridad; lo cual sería contrario al Código Civil de Puerto Rico y nuestro estado de Derecho actual. La contención de la CSMPR es que, conforme al Código de Seguros, si las recurridas interesaban iniciar un pleito en su contra tenían que hacerlo -desde el inicio y dentro del término de un (1) año- mediante una demanda independiente (acción directa) o, en la alternativa, una demanda conjuntamente con sus asegurados. En ese sentido, sostiene que no aplica lo dispuesto en el inciso (3) del Artículo 20.03 del Código de Seguros dado que sólo se activa en aquellas instancias en que exista una sentencia firme a favor del tercero perjudicado. Por último, invocando la decisión de *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365 (2012), la CSMPR alega que las señoras Menéndez Lebrón y Velázquez Castro no emplearon una "debida diligencia" para conocer la existencia o identidad de la aseguradora de PR Cars y el señor Rodríguez Casiano. Así pues, concluye que la causa de acción está prescrita y la demanda debe ser desestimada en su totalidad.

El 15 de junio de 2018, las recurridas presentaron su alegato en oposición en el que insisten en que advinieron

en conocimiento de que PR Cars y el señor Rodríguez Casiano estaban cubiertos por una póliza de seguro durante el descubrimiento de prueba. A tenor con la teoría cognoscitiva del daño y la flexibilidad que otorgan las Reglas de Procedimiento Civil al momento de enmendar una demanda, las recurridas sostienen que, en todo momento, actuaron de forma diligente y oportuna. Por ende, alegan que la causa de acción no está prescrita. Asimismo, éstas arguyen que no estamos ante un supuesto en donde hayan cocausantes de daños y, por tal razón, sostienen que no aplica *Fraguada Bonilla* ni su progenie en cuanto a la obligación de interrumpir el término prescriptivo individualmente. En atención a ello, concluyen que, conforme al Código de Seguros, la interrupción del término prescriptivo directamente contra el asegurado lo interrumpe para con la aseguradora.

Con el beneficio de la comparecencia de ambas partes, este Tribunal correctamente concluye que la demanda objeto de este pleito está prescrita. Veamos.

## II.

Como cuestión de umbral, corresponde discutir la normativa vigente en Puerto Rico sobre la prescripción extintiva, las distintas formas disponibles para interrumpirla y la teoría cognoscitiva del daño. Luego, compete abordar ciertos preceptos básicos en materia de Derecho Procesal Civil que están íntimamente relacionadas con los señalamientos de error presentados por la CSMPR. Por último, debemos analizar el alcance de la relación jurídica entre un asegurador y un asegurado, según el Código de Seguros y nuestra jurisprudencia interpretativa. Todo esto, en aras de determinar si, conforme a los hechos particulares de este caso, la reclamación en contra de CMSPR está prescrita. Veamos.

## A.

La prescripción extintiva es una institución de derecho sustantivo, más no procesal, que extingue el derecho a ejercer determinada causa de acción. Véase *Rivera Ruiz v. Mun. de Ponce*, 196 DPR 410 (2016). En su aspecto procesal, la prescripción extintiva es una defensa afirmativa que debe plantearse de forma expresa y oportuna, o de lo contrario, se entiende renunciada. *Meléndez Guzmán v. Berríos López*, 172 DPR 1010, 1017 (2008).

Esta figura jurídica está regulada en el Artículo 1861 del Código Civil de Puerto Rico, el cual dispone que "[l]as acciones prescriben por el mero lapso del tiempo

fijado por la ley". 31 LPRA sec. 5291. Así pues, el término para ejercer una causa de acción sujeta a la prescripción se puede interrumpir de tres (3) maneras, conforme el Artículo 1873, a saber: "[por] su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor". 31 LPRA sec. 5303. Una vez se interrumpe oportunamente la prescripción, el término prescriptivo comienza a transcurrir nuevamente. *SLG García-Villega v. ELA*, 190 DPR 799, 816 (2014). En cuanto a la reclamación extrajudicial hemos resaltado que "para que surta un efecto interruptor, [ésta] debe ser una **manifestación inequívoca** de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo". *Meléndez Guzmán*, 172 DPR en la pág. 1020 (énfasis en el original).

Así pues, salvo que se produzca la interrupción mediante alguna de las formas indicadas, el término prescriptivo para una acción en daños y perjuicios es de **un (1) año**, conforme al Artículo 1868 del Código Civil, 31 LPRA sec. 5298. De igual forma, en el contexto de los **contratos de seguro** hemos resuelto que el término prescriptivo para presentar una causa de acción contra un asegurador, conforme al Código de Seguros, también es de **un (1) año**. *Ruiz Millán v. Maryland Cas*. Co., 101 DPR 249, 251 (1973) ("Teniendo las dos acciones, tanto la que se incoe contra el asegurado como la que se siga contra la compañía aseguradora, el mismo origen y dependiendo las

dos de la misma prueba, no hay justificación para establecer períodos prescriptivos distintos".)

Como parte de la doctrina sobre la prescripción extintiva, hemos reconocido la teoría cognoscitiva del daño. Conforme a ésta, un término prescriptivo comienza a transcurrir una vez el perjudicado conoció -o debió conocer- que sufrió un daño, quién se lo causó, así como los elementos necesarios para ejercitar efectivamente su causa de acción. Véase *Maldonado Rivera*, 195 DPR en la pág. 194; *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010). Así pues, cuando en *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365 (2012) adoptamos la figura de la solidaridad impropia (o *in solidum*), resolvimos que si una víctima interesa conservar su causa de acción contra cada uno de los causantes del daño deberá interrumpir la prescripción en relación con cada uno por separado y dentro del término prescriptivo de un (1) año. Véase además, *Maldonado Rivera v. Suárez y otros*, 195 DPR 182 (2016).

A la luz de esto, debemos aclarar un aspecto fundamental de la controversia ante nuestra consideración: un asegurador **no figura como un co-causante del daño** en el contexto de una demanda de daños y perjuicios incoada en contra de su asegurado. No podemos perder de vista que la relación entre asegurador y asegurado sólo existe en virtud del contrato de seguros pactado entre ambos. A no ser por este acuerdo contractual, la presunta víctima del daño no tendría relación jurídica alguna con el

asegurador. De hecho, esta es la teoría legal esbozada por las señoras Menéndez Lebrón y Velázquez Castro en su alegato en oposición presentado ante este Foro.[3] No obstante, las recurridas sostienen que como la CSMPR no es co-causante de los daños, "no cabe concluir que hay una obligación de interrumpir el término prescriptivo individualmente". *Alegato Parte Recurrida*, en la pág. 17. Esta contención presenta un error conceptual de las figuras jurídicas en cuestión. Veamos.

Si bien la causa de acción incoada en contra de la CSMPR, como aseguradora, no está sujeta a los parámetros de la teoría cognoscitiva del daño ni a la doctrina establecida en *Fraguada Bonilla* y su progenie, las señoras Menéndez Lebrón y Velázquez Castro, presuntas víctimas de los daños, tenían **una obligación en ley** de presentar la demanda contra el señor Rodríguez Casiano, PR Cars **y su aseguradora** dentro del término prescriptivo de un (1) año. Este requisito surge de la decisión emitida por este Tribunal en *Ruiz Millán v. Maryland Cas*. Co., 101 DPR 249 (1973).

En atención a ello, no hay duda de que, **el 10 de agosto de 2014**, las señoras Menéndez Lebrón y Velázquez

---

[3] Específicamente, éstas arguyen que "la responsabilidad de la aseguradora ante el perjudicado no nace por haberle causado un daño, sino por el pacto que realizó con su asegurado de pagar un monto determinado por razón de los daños ocasionados por su asegurado. Por lo que consecuentemente, la responsabilidad no nace del Art. 1802 del Código Civil, sino que nace en virtud del contrato de su asegurado". *Alegato Parte Recurrida*, en la pág. 16 (citas omitidas).

Castro presentaron una demanda en daños y perjuicios contra el señor Rodríguez Casiano, PR Cars, John Doe y Compañía de Seguros ABC, mediante la cual reclamaron por los daños ocurridos el 6 de abril de 2014. En cambio, no fue hasta **el 1 de agosto de 2016**, comenzado el descubrimiento de prueba, que las recurridas presentaron una moción para enmendar la demanda original con la intención de **añadir** a la CSMPR, como aseguradora de PR Cars y del señor Rodríguez Casiano. Un mero cálculo aritmético devela que la CSMPR fue traída al pleito a **más de un (1) año**, no sólo de los hechos del accidente automovilístico, sino también desde que se presentó la demanda original. Tampoco surge del expediente que las señoras Menéndez Lebrón y Velázquez Castro, ni su representación legal, hicieron "manifestaciones inequívocas" para interrumpir la prescripción de forma extrajudicial previo o después de la presentación de la demanda original.

Esta conclusión, sin embargo, no pone fin a la controversia ante nuestra consideración. Ello, puesto que las recurridas argumentan, en su alegato en oposición ante este Foro, que enmendaron la demanda original, conforme a las Reglas de Procedimiento Civil. Véase *Alegato Parte Recurrida*, en las págs. 10-11, 16. Por tanto, procede evaluar si la "enmienda" de añadir a la demanda a la CSMPR, transcurrido el término prescriptivo de un (1) año, se retrotrae a la fecha de presentación de la demanda original. Surge del tracto procesal que, al presentar la

demanda original, las recurridas incluyeron a dos (2) codemandados de nombre desconocido: "John Doe" y "Compañía de Seguros ABC". De entrada, esto nos sugiere que las recurridas sabían, **o debían de haber sabido**, que el señor Rodríguez Casiano y PR Cars eran personas jurídicas aseguradas. En este sentido, debemos indagar si la inclusión de la CSMPR fue una sustitución de parte, cuyo nombre se desconocía, conforme a las Reglas de Procedimiento Civil.

**B.**

Las enmiendas a las alegaciones de una demanda reguladas por la Regla 13.1 de Procedimiento Civil, la cual establece que:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal de otro modo lo ordene.

32 LPRA Ap. V. R. 13.1.

A pesar de que las Reglas de Procedimiento Civil favorecen un enfoque liberal para autorizar enmiendas a las alegaciones, esta liberalidad **no es infinita**. *Romero v. S.L.G. Reyes*, 164 DPR 721, 730 (2005). El ámbito de discreción de los tribunales queda sujeto a un análisis dinámico -en conjunto- de varios criterios, a saber: (1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada. *Id.*

De otra parte, la Regla 13.3 de Procedimiento Civil expone la normativa aplicable para enmendar la demanda **con el fin de sustituir una parte**. En lo pertinente, la Regla dispone que:

> Siempre que la reclamación o defensa expuesta en la alegación enmendada surja de la conducta, del acto, de la omisión o del evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original.
> Una enmienda **para sustituir la parte contra la cual se reclama** se retrotraerá a la fecha de la alegación original **si además de cumplirse con el requisito anterior y dentro del término prescriptivo**, la parte que se trae mediante enmienda: (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulte impedida de defenderse en los méritos, y (2) de no haber sido por un error en cuanto a la identidad del (de la) verdadero(a) responsable, la acción se hubiera instituido originalmente en su contra.
> Una enmienda para incluir a una parte demandante se retrotraerá a la fecha de la alegación original si ésta contiene una reclamación que surja de la misma conducta, acto, omisión o evento que la acción original y que la parte demandada haya tenido conocimiento, dentro del término prescriptivo, de la existencia de la causa de acción de los reclamantes que se quieren acumular como demandantes y de su participación en la acción original.

32 LPRA Ap. V., R. 13.3 (énfasis suplido).

En relación con esta regla, hemos dictaminado que "si con la enmienda se intenta añadir un nuevo demandante o demandado, el momento que determina el término prescriptivo es cuándo se incluye el nuevo demandante o demandado por primera vez en la demanda". *Ortiz Díaz v. R. & R. Motors Sales Corp.*, 131 DPR 829, 837-38 (1992). Claro, esto "**con excepción** de lo dispuesto por las Reglas 15.1, 15.4 y 13.3 de Procedimiento Civil y la situación en que exist[a] **solidaridad** entre el demandante o demandado ya incluido en la demanda original y el nuevo". *Arce Bucetta v. Motorola*, 173 DPR 516, 538-39 (2008) (énfasis suplido).[4]

Por último, la Regla 15.4 de las Reglas de Procedimiento Civil, que regula el mecanismo procesal disponible para incluir en un pleito a una parte demandada de nombre desconocido, establece que:

> Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento.

32 LPRA Ap. V. R. 15.4.

---

[4] Aunque este análisis surge en el contexto de las Reglas de Procedimiento Civil de 1979, en su contenido, las Reglas 15.4 y 13.3 actuales son idénticas -para todos los efectos prácticos- a las anteriores. Así también, no hay que entrar a discutir la Regla 15.1 (Legitimación activa) por ser inaplicable a la presente controversia.

Esto constituye una excepción a la regla general que exige que en la demanda se designe al demandado por su nombre correcto y se le notifique adecuadamente para garantizar su derecho a un debido proceso de ley. La excepción, en esencia, busca suplir las deficiencias de los términos prescriptivos en los momentos en que, a pesar de la **debida diligencia** y de conocer la identidad del demandado, se desconoce su nombre correcto. *Núñez González v. Jiménez Miranda*, 122 DPR 134, 139 (1988). En cuanto al alcance de la regla, hemos sido enfáticos al sostener que la "ignorancia del verdadero nombre del demandado debe ser real y legítima, y no falsa o espúrea". *Padín v. Cia. Fom. Ind.*, 150 DPR 403, 417 (2000). Asimismo, en el contexto particular de una controversia como la del presente caso, hemos resuelto que para "responsabilizar a las compañías aseguradoras designadas con nombres ficticios" se les debe incluir "en la demanda con su nombre correcto" y se les debe notificar "con tiempo suficiente para que puedan comparecer y defenderse". *Núñez González*, 122 DPR en la pág. 142.

Al aplicar el derecho antes esbozado, debemos recapitular ciertos aspectos puntuales del trámite procesal en el presente caso. En primer lugar, y como mencionáramos anteriormente, "John Doe" fue descrito en la demanda original como "una persona jurídica o natural que le responde a la Parte Demandante por sus acciones u omisiones que causaron o contribuyeron a causar todos o

parte de los daños alegados en la demanda", mientras que la "Compañía de Seguros ABC" aparece como "una compañía de seguros creada por ley, cuyo nombre se desconoce y para la fecha del accidente que se relata más adelante tenía una póliza de responsabilidad pública a favor de la también Parte Demandada John Doe". *Demanda*, supra, en la pág. 53. Conforme a estas alegaciones, tanto John Doe, como Compañía de Seguros ABC, según la Regla 15.4 de Procedimiento Civil, son codemandados, **cuya identidad presuntamente se conoce, mas no su nombre correcto.**

Ahora bien, surge del expediente, como también señaláramos antes, que en la demanda enmendada del 1 de agosto de 2016 tanto John Doe como la Compañía de Seguros ABC continuaron figurando como codemandados de nombre desconocido. Asimismo, la demanda enmendada contiene las **mismas alegaciones** en su contra que la demanda original. De hecho, durante todo el trámite apelativo, éste ha sido el caso, pues John Doe y Compañía de Seguros ABC **todavía** son partes en el pleito.

En atención a ello, resolvemos que las señoras Menéndez Lebrón y Velázquez Castro **nunca** "enmendaron" la demanda, como argumentan en su alegato en oposición, sino que intentaron **incluir** en el pleito a una parte nueva a **destiempo.** Según surge del expediente, la inclusión de dos codemandados de nombre desconocido irremediablemente nos lleva a concluir que las recurridas sabían, **o debían de haber sabido,** que el señor Rodríguez Casiano y PR Cars eran personas jurídicas aseguradas. Esto nos coloca en el

ámbito de las Reglas 13.3 y 15.4 y no de la Regla 13.1 de Procedimiento Civil.

Así pues, según el tracto procesal del presente caso, ni la presentación de la demanda original ni la inclusión de la CSMPR mediante la demanda enmendada se llevaron a cabo conforme a las Reglas 13.3 y 15.4 de las Reglas de Procedimiento Civil, supra, y nuestra jurisprudencia interpretativa. No sólo no se sustituyó correctamente una parte, cuya identidad presuntamente se conoce, mas no su nombre correcto, sino que además las Reglas de Procedimiento Civil son claras cuando dictan que, al momento de considerar una enmienda -al amparo de la Reglas 13.3- debe realizarse **dentro del término prescriptivo**.

## III.

Por consiguiente, nos resta considerar si existe una solidaridad legal entre un asegurado y un asegurador de forma tal que la interrupción de la prescripción contra el primero surtió efectos contra el segundo. Conforme a nuestro estado de Derecho actual, éste sería el único supuesto que nos permitiría concluir que la demanda original presentada por las señoras Menéndez Lebrón y Velázquez Castro interrumpió el término prescriptivo de un (1) año exigido en ley para presentar una causa acción en contra de la CSMPR. Véase *Arce Bucetta*, 173 DPR en las págs. 538-39. Para esto, en específico, corresponde evaluar si el Artículo 20.030 del Código de Seguros establece una relación de solidaridad legal entre asegurador y asegurado.

**A.**

En términos generales, y según el Código de Seguros, un contrato de seguros es aquel "mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo". 26 LPRA sec. 102. De otra parte, un "asegurador" es aquella persona que se dedica a la contratación de seguros y que, conforme al Código de Seguros, podría ser "una asociación de seguro recíproco, una asociación mutualista, una organización de servicios de salud o un grupo de cualquier clase, organizado con fines pecuniarios o sin ellos, dedicado al negocio de otorgar contratos de seguros". 26 LPRA sec. 103. Naturalmente, un "asegurado" es aquella persona que establece una relación con el asegurador y "cuya responsabilidad civil queda cubierta en la póliza de seguro". Luis F. Reglero Campos (Ed.), *Tratado de Responsabilidad Civil* 1378 (5ta Ed., 2014).

En los seguros de responsabilidad civil, como el que nos ocupa en el presente caso, quien reclama al asegurado o al asegurador se le denomina un "tercero perjudicado" o una "víctima". En esencia, el tercero perjudicado, quien es acreedor de la deuda indemnizatoria, es "la persona que ha experimentado un daño en su cuerpo, mente, sentimientos, patrimonio y, en general, en bienes y derechos jurídicamente tutelables, como consecuencia de la conducta o actividad del asegurado". *Id.* en la pág. 1379.

El elemento esencial de esta relación tripartita entre dichos sujetos jurídicos lo constituye:

> [L]a asunción del riesgo que gravita sobre el asegurado de quedar obligado, bien contractual bien extracontractualmente, por una conducta o actividad propia o de una persona de cuyos actos u omisiones deba responder (pero siempre que así se contemple en la póliza), a indemnizar los daños y perjuicios causados a un tercero como consecuencia de la verificación de un hecho previsto en el contrato, por el que se delimita materialmente el objeto de la cobertura.

*Id.* en la pág. 1367.

En Puerto Rico, con relación al alcance de la responsabilidad civil del asegurador con su asegurado, el Artículo 20.010 del Código de Seguros dispone que "[e]l asegurador que expidiere una póliza asegurando a una persona contra daños o perjuicios . . . será responsable cuando ocurriere una pérdida cubierta por dicha póliza". 26 LPRA sec. 2001. Asimismo, el pago de la pérdida por parte del asegurador será "hasta el grado de su responsabilidad por la misma, con arreglo a la póliza, [y] no dependerá del pago que efectúe el asegurado en virtud de sentencia firme dictada contra él con motivo del suceso, ni dependerá de dicha sentencia". *Id.*

En cuanto a la naturaleza de la relación jurídica entre un asegurador y un asegurado, la hemos descrito como una de carácter "contractual [que] se rige concretamente por lo pactado en el contrato de seguros, que es la ley entre las partes". *Gen. Accid. Ins. Co. P.R. v. Ramos*, 148 DPR 523 (1999). Véase además, *Integrand Assurance v. Codeco*, 185 DPR 146 (2012). En atención a esto, e

interpretando el Artículo 1090 del Código Civil,[5] hemos resuelto que "para que exista solidaridad entre una compañía aseguradora y el asegurado, ello **debe surgir claramente del contrato de seguros**. Dicha solidaridad debe haberse pactado expresamente o, al menos, debe surgir claramente del contenido del contrato que la relación entre las partes se constituyó con tal carácter". *Gen. Accid. Ins. Co. P.R.*, 148 DPR en la pág. 537 (citando a *Torrellas v. Sucn. Torrellas*, 57 DPR 501 (1940)) (énfasis suplido). En otras palabras, en los contratos de seguro, como en todo contrato, la solidaridad no se presume. Véase en general, *Quilez-Velar v. Ox Bodies, Inc.*, 198 DPR 1079 (2017).

Ahora bien, este análisis al amparo del Código Civil, que como fuente de Derecho es **supletorio** en materia de Derecho de Seguros, *Mun. de San Juan v. Great Ame. Ins. Co.*, 117 DPR 632 (1986), parecería estar en conflicto con lo dispuesto en el Artículo 20.030 del Código de Seguros. Este artículo establece los mecanismos u opciones

---

[5] En el derecho privado existen distintas clases de obligaciones en atención a la pluralidad de sujetos (acreedores y/o deudores). La naturaleza y los efectos de estas obligaciones las encontramos en el Artículo 1090, el cual dispone que:

> La concurrencia de dos (2) o más acreedores o de dos (2) o más deudores en una sola obligación no implica que cada uno de aquéllos tenga derecho a pedir ni cada uno de éstos deba prestar íntegramente las cosas objeto de la misma. Sólo habrá lugar a esto cuando la obligación expresamente lo determine, constituyéndose con el carácter de solidaria.

31 LPRA sec. 3101.

procesales que tiene a su haber un tercero perjudicado para presentar una causa de acción en contra de un asegurador o un asegurado. Así dispone que:

> (1) La persona que sufriere los daños y perjuicios tendrá, a su opción, una **acción directa** contra el **asegurador** conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el **asegurador solamente** o **contra éste y el asegurado conjuntamente.** La acción directa contra el asegurador se podrá ejercer solamente en Puerto Rico. La responsabilidad del asegurador no excederá de aquella dispuesta en la póliza, y el tribunal deberá determinar no solamente la responsabilidad del asegurador, si que también la cuantía de la pérdida. Cualquier acción incoada conforme a esta sección estará sujeta a las condiciones de la póliza o contrato y a las defensas que pudieran alegarse por el asegurador en acción directa instada por el asegurado.

> (2) En una acción directa incoada por la persona que sufriere los daños y perjuicios contra el asegurador, éste está impedido de interponer aquellas defensas del asegurado basadas en la protección de la unidad de la familia u otras inmunidades similares que estén reconocidas en el ordenamiento jurídico de Puerto Rico.

> (3) Si el perjudicado entablara demanda contra **el asegurado solamente**, no se estimará por ello que se le prive, subrogándose en los derechos del asegurado con arreglo a la póliza, del derecho de sostener acción contra el asegurador y cobrarle **luego** de obtener sentencia firme contra el asegurado.

26 LPRA sec. 2003 (énfasis suplido).

A tenor con este artículo, el estado de Derecho vigente reconoce que una víctima que alega haber sufrido un daño ocasionado por la negligencia de una persona asegurada puede encausar su acción demandando al: (1) asegurador ("acción directa"), (2) asegurado o (3) al asegurado y su asegurador conjuntamente. *Neptune Packing*

*Corp. v. Wackenhut Corp.*, 120 DPR 283, 289 (1988). De igual forma, surge del texto claro de la ley, que si la víctima que sufrió los daños dirige su causa de acción sólo contra el asegurado y obtiene una sentencia final y firme contra éste, **entonces**, podría instar una acción **posteriormente** en contra del asegurador para exigir el pago de la sentencia. Véase *Ruiz v. New York Dept. Stores*, 146 DPR 353, 367-68 (1998). Por último, en cuanto a la acción directa, hemos resuelto que ésta se caracteriza por ser **"independiente, distinta y separada"** de la reclamación que tiene disponible el perjudicado en contra del causante del daño (asegurado). *Id.* en la pág. 364 (énfasis suplido). Véase además *Savary v. Mun. Fajardo*, 198 DPR 1014 (2017). Así pues, el Código de Seguros **no contempla** "una acción por los mismos hechos contra el asegurador y otra acción idéntica y simultánea contra el asegurado". *Neptune Packing Corp.*, 120 DPR en la pág. 290. Véase además, Lcdo. Rolando Cruz, *Derecho de Seguros* 263 (Ed. JTS, 1999).

En esta discusión, además, debemos puntualizar que el efecto "[d]el ejercicio de la opción [incide] sobre el posible éxito de su reclamación". *Cortés Román v. ELA*, 106 DPR 504, 516 (1977). Es decir, "la elección hecha por un demandante al instar su reclamación **determina los requisitos** que vendrá obligado a cumplir y las defensas a que estará aquél sujeto". *Id.* (énfasis suplido).

Los efectos en la prescripción de la selección de uno de estos mecanismos procesales, disponibles bajo el

Artículo 20.030, han sido motivo de numerosas decisiones emitidas por este Tribunal. Por ejemplo, previo a la aprobación en 1957 del Código de Seguros vigente, este Tribunal tuvo la oportunidad de evaluar si la interrupción de la prescripción respecto a una compañía aseguradora tenía efectos contra la persona asegurada. *Cruz v. González*, 66 DPR 212 (1946). En esa ocasión, se resolvió en la negativa, ya que **no existía una relación solidaria** entre el asegurado y su aseguradora. *Id.* Posterior a esta decisión, y ya analizado lo dispuesto en el Artículo 20.030 del Código de Seguros actual, en *Trigo v. The Travelers Ins. Co.*, 91 DPR 868 (1965) este Foro resolvió que, en la acción directa frente a una compañía aseguradora, un tercero perjudicado tiene derecho a exigir una compensación por los daños sufridos, aun cuando la causa acción contra el asegurado haya prescrito, pero sólo si se **interrumpió oportunamente** la acción contra dicha aseguradora. Véase además *Durán Cepeda v. Morales Lebrón*, 112 DPR 623 (1982).

**Sin embargo**, en *Barrientos v. Gob. de la Capital*, 97 DPR 552 (1969), interpretando el Artículo 20.30 del Código de Seguros, este Foro dictaminó que una causa de acción contra una aseguradora no estaba prescrita, a pesar de que el tercero perjudicado la había incluido en el pleito transcurrido el término de un (1) año desde la ocurrencia de los daños. Debemos contextualizar los hechos de este caso. En *Barrientos*, el 30 de marzo de 1957, la presunta negligencia de la compañía Island Constructors, Inc.

(Island) resultó en ciertos daños de la propiedad del Sr. León Lyons. Por razón de ello, el 8 de agosto de 1958, el señor León Lyons presentó una demanda contra Island más, sin embargo, nunca la emplazó. No obstante, en febrero de 1959, el señor Lyons enmendó la demanda original para traer al pleito a American Surety Co. (American), como aseguradora de Island. El foro primario, luego de una extensa y compleja litigación, dictó sentencia declarando *ha lugar* la demanda en contra de Island y American. Estas últimas recurrieron ante este Foro y plantearon, entre sus múltiples señalamientos de error, que la demanda estaba prescrita para con ambas compañías. En específico, American sostuvo que fue incluida en el pleito a más de un (1) año desde que ocurrieron los daños. Al disponer de esa defensa, este Tribunal concluyó lo siguiente:

> Con respecto a la defensa de prescripción de la American Surety Co., basta referirse al Art. 20.030 [3] del Código de Seguros, que reconoce el derecho del perjudicado de iniciar una causa de acción contra la aseguradora aun después de haber obtenido sentencia firme contra el asegurado. Esto significa que en el caso de autos la causa de acción contra la American Surety Co. todavía está en tiempo, aunque han pasado más de diez años desde que se enmendó la demanda para incluirla como parte demandada.

*Id.* en la pág. 576 (citas omitidas).

A **cincuenta (50) años** de este Tribunal haber emitido dicha determinación, nos corresponde reevaluarla. Hoy día, la lectura que hiciéramos en aquel entonces sobre el alcance del Artículo 20.030 del Código de Seguros **resulta insostenible**. Como se desprende de la discusión que precede, si bien el tercero perjudicado tiene disponible

una acción de subrogación, luego de recibir una sentencia firme en contra del asegurado, esta protección estatutaria no implica que interrumpir la prescripción contra el asegurado surte efectos contra el asegurador. Cada uno de los mecanismos u opciones procesales disponibles al amparo del Artículo 20.030 del Código de Seguros operan de forma independiente y no pueden combinarse a la conveniencia de quien los invoca. Lo contrario implicaría avalar, tácitamente, la existencia de una solidaridad legal en la relación contractual entre el asegurado y el asegurado.

Con excepción de *Barrientos*, en la mayoría de las decisiones emitidas por este Foro sobre el tema, se ha evaluado la naturaleza de la obligación jurídica entre un asegurador y asegurado desde la misma óptica: si la interrupción del término prescriptivo frente al asegurador, en un procedimiento de acción directa, surte efectos contra el asegurado. En cuanto a dicha controversia, este Tribunal ha llevado a cabo un análisis estatutario de los parámetros de la acción directa, según establecidos en el Artículo 20.030 del Código de Seguros, y en conjunto con los preceptos generales del Código Civil. El resultado de este ejercicio adjudicativo siempre ha sido **negar** la existencia de una relación solidaria entre asegurado y asegurador en la acción directa presentada por un tercero perjudicado.

Ahora bien, la controversia en el presente caso, al igual que en *Barrientos*, plantea la situación a la inversa: si conforme al inciso (3) del Artículo 20.030 del

Código de Seguros, un tercero perjudicado puede interrumpir la causa de acción que tiene frente a un asegurado, presunto causante de un daño, y que dicha interrupción surta efectos contra el asegurador. La controversia actual nos provee la oportunidad de reconsiderar la decisión de *Barrientos* y **disipar cualquier duda** en cuanto a la inexistencia de una solidaridad legal, conforme al Código de Seguros, entre asegurador y asegurado.[6]

Como ya mencionáramos, la elección del mecanismo procesal para presentar una acción judicial en contra de un asegurador o asegurado repercutirá en cuanto a los requisitos que el tercero perjudicado tendrá que cumplir para ser compensado por los daños sufridos. En la relación tripartita entre asegurado, asegurador y tercero perjudicado, el **vínculo jurídico** del tercero perjudicado y el asegurador sólo surge en dos (2) escenarios: ante una acción directa contra el asegurador **o** ante una acción conjunta en contra de un asegurador y su asegurado. Por supuesto, en ambos escenarios se tiene que adjudicar responsabilidad civil al asegurado (causante del daño).

---

[6] En la esfera federal existen determinaciones del Tribunal de Apelaciones de Estados Unidos para el Primer Circuito y el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico que, interpretando decisiones emitidas por este Tribunal, han llegado a resultados distintos y, en ocasiones, contradictorios. Véase, *Tokyo Marine & Fire Ins. Co. v. Pérez & Cia., De Puerto Rico, Inc.*, 142 F.3d 1 (1st Cir. 1998); *Santiago-Rivera v. Royal Ins. Co. of Puerto Rico*, 613 F. Supp. 121 (D.P.R.), aff'd, 782 F.2d 1025 (1st Cir. 1985). Véase además, *González-Morales v. Presbyterian Cmty. Hosp., Inc.*, No. CV 13-1906 (PG), 2017 WL 212234, (D.P.R. Jan. 18, 2017*); Arroyo-Torres v. González-Méndez*, 212 F. Supp. 3d 299 (D.P.R. 2016).

Esto tiene total sentido práctico pues, como se ha dictaminado, si contra un asegurado **no existe** una causa de acción en daños, **tampoco** la hay en contra del asegurador separadamente. Véase *Almonte de Mejías v. Díaz*, 86 DPR 111 (1962).

De otra parte, cuando un tercero perjudicado opta por encausar su acción **únicamente** contra el asegurado, esta determinación conlleva unos efectos distintos a la selección de los demás mecanismos procesales disponibles bajo el Artículo 20.030 del Código de Seguro. Si bien el inciso (3) de este artículo establece unas salvaguardas procesales sobre cómo el tercero perjudicado puede exigir a un asegurador el cobro de su acreencia, luego de obtener una sentencia firme a su favor, **no hay duda** de que en ese supuesto **no estamos** ante la acción directa que se codifica en el inciso (1) del Artículo 20.030 del Código de Seguros.

Presentar una demanda únicamente contra un presunto causante de un daño no es más que eso: una demanda civil. Así pues, si el tercero perjudicado luego de presentar una demanda, transcurrido el término prescriptivo de un (1) año y sin haber incluido en dicha demanda a un asegurador de nombre desconocido, adviene en conocimiento de que el demandado está asegurado, lo que tiene disponible -conforme al inciso (3) del Artículo 20.030- es la certeza de que si en su día prevalece en el pleito podrá **posteriormente** presentar una acción contra el asegurador para cobrar su acreencia. Esta acción, sin embargo, **no**

**está predicada en la solidaridad**, sino en un supuesto de **subrogación**.[7] Lo que ocurre en esta acción es que el tercero perjudicado se subroga en los derechos del asegurado para reclamar al asegurador la compensación disponible bajo la póliza de seguros. Véase 26 LPRA sec. 2003(3).

Todo esto, claro está, no cambia el hecho de que la responsabilidad civil que se adjudique será **hasta el límite** de la póliza que dicho asegurado poseía al momento que ocurrió el daño. Véase 26 LPRA sec. 2003. Asimismo, nada impide que el **propio presunto causante del daño** traiga, mediante una demanda contra tercero, a su asegurador para que, conforme a su póliza de responsabilidad, éste asuma su responsabilidad legal. Véase *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 861, 893-97 (1994).

**IV.**

En virtud de la discusión que antecede, reiteramos que, en el contexto del inciso (3) del Artículo 20.030, si la presunta víctima del daño opta por dirigir su acción

---

[7] El profesor José Julián Álvarez González coincide con que el Artículo 20.030 del Código de Seguros no establece una solidaridad legal entre asegurador y asegurado. J.J. Álvarez González, *Responsabilidad Extracontractual*, 62 Rev. Jur. UPR 903, 934 n. 18 (1993). Luego de analizar las decisiones emitidas por este Tribunal en torno al Artículo 20.030 del Código de Seguros, el Profesor concluye, sin ambages, que "la creación de la acción directa en 1957 no dejó sin efecto en este aspecto la decisión de *Cruz v. González*, que rechaza que exista una relación de solidaridad entre asegurador y asegurado". *Id.* (citas omitidas). Véase además José Julián Álvarez González, *Responsabilidad Civil Extracontractual*, 78 Rev. Jur. UPR 457, 505 n. 190-91 (2009).

sólo contra el asegurado, **transcurrido el término prescriptivo de un (1) año** y sin haber incluido en dicha demanda a un asegurador de nombre desconocido, el reclamo contra el asegurador está disponible **únicamente** luego de que exista una sentencia firme en contra del asegurado. Por todo lo cual, sostenemos que el Artículo 20.030 del Código de Seguros **no establece** una solidaria legal entre asegurador y asegurado. La solidaridad sólo puede existir, en este contexto, si se pacta expresamente y surge del contrato de seguros. A la luz de la discusión que antecede, la decisión emitida por este Tribunal en Barrientos, *supra*, no debe ser dispositiva para el caso ante nuestra consideración.

Así pues, dado que no existe solidaridad legal entre un asegurado y su asegurador, conforme al Código de Seguros, no podemos concluir que, en el presente pleito, la demanda presentada por las señoras Menéndez Lebrón y Velázquez Castro en contra del señor Rodríguez Casiano y PR Cars interrumpió la prescripción contra la CSMPR. Habida cuenta que la demanda se presentó **fuera** del término prescriptivo dispuesto en ley, que no hubo una oportuna interrupción extrajudicial, que la sustitución de parte no se llevó a cabo conforme a Derecho, y que, además, no existe solidaridad legal entre un asegurado y su asegurador, concluimos que la causa de acción en contra de la CSMPR **está prescrita**.

**V.**

Por todo lo cual, erraron los foros recurridos al no desestimar la demanda en cuanto a la CSMPR, bajo el fundamento de prescripción. En atención a ello, procede revocar la resolución del Tribunal de Apelaciones y desestimar la causa de acción presentada en contra de CSMPR.


                            Anabelle Rodríguez Rodríguez
                                 Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Laura Menéndez Lebrón y Myrna Velázquez Castro<br><br>Recurridas<br><br>v.<br><br>Amel Rodríguez Casiano, Puerto Rican Cars Inc., Cooperativa de Seguros Múltiples, John Doe y Compañía de Seguros ABC<br><br>Peticionarios<br><br>Administración de Compensaciones de Accidentes de Automóviles (ACAA)<br><br>Parte Interventora | AC-2017-0097 | Certiorari |

Opinión de conformidad en parte y disidente en parte emitida por el Juez Asociado señor ESTRELLA MARTÍNEZ.

San Juan, Puerto Rico, a 3 de febrero 2020.

Hoy, este Tribunal precisa acertadamente la naturaleza de la responsabilidad de una entidad aseguradora frente a una persona perjudicada por los actos u omisiones negligentes de una persona asegurada. A mi juicio, la Opinión de conformidad reitera correctamente que una entidad aseguradora y una persona asegurada no responden solidariamente en estos casos, salvo pacto en contrario. En virtud de ello, concluye que una persona perjudicada que

interese dirigir su acción en contra de una entidad aseguradora y una persona asegurada, deberá interrumpir el término prescriptivo de su causa de acción en contra de cada una de éstas.

Sin embargo, me veo forzado a discrepar de la Sentencia en torno a un asunto medular que precisamente conduce a este Tribunal a revocar los foros recurridos. Como pudo observarse, la Opinión de conformidad reitera que una persona perjudicada que interese demandar a la entidad aseguradora de quien presuntamente le causó algún daño, debe hacerlo dentro del término prescriptivo de un (1) año. No obstante, concluye que el referido término prescriptivo comenzará a cursar desde la fecha en que ocurrió el daño, **independientemente del momento en que la parte demandante advino en conocimiento de la existencia y la responsabilidad de la entidad aseguradora.** De este modo, se descarta la aplicación de la teoría cognoscitiva del daño en este contexto y se le exige a una parte demandante que presente una causa de acción antes de tener conocimiento de la existencia de ésta. Ante este cuadro, respetuosamente disiento del dictamen revocatorio.

Veamos brevemente los hechos importantes para los señalamientos de esta Opinión de conformidad en parte y disidente en parte.

**I**

En el caso de epígrafe, la Sra. Laura Menéndez Lebrón y la Sra. Myrna Velázquez Castro (recurridas) tuvieron un accidente automovilístico alegadamente causado por el Sr.

Amel Rodríguez Casiano (señor Rodríguez Casiano), quien conducía un vehículo rentado por Puerto Rican Cars, Inc. (PR Cars). A raíz del accidente, las recurridas presentaron una demanda en daños y perjuicios, dentro del término prescriptivo de un (1) año, en contra del señor Rodríguez Casiano, PR Cars, John Doe y la Compañía de Seguros ABC.

Las recurridas alegaron que el señor Rodríguez Casiano condujo el automóvil de forma negligente, lo cual causó el accidente y los posteriores daños y perjuicios. Asimismo, arguyeron que PR Cars fue negligente al alquilar el vehículo al señor Rodríguez Casiano, quien presuntamente solo contaba una licencia de conducir extranjera a pesar de que llevaba más de ciento veinte (120) días en Puerto Rico.

Luego de varios trámites procesales reseñados adecuadamente en la Opinión de conformidad, entre los cuales se anotó la rebeldía del señor Rodríguez Casiano y de PR Cars por su incomparecencia a los procedimientos, las recurridas solicitaron realizar un descubrimiento de prueba. Particularmente, el **22 de octubre de 2015** presentaron un <u>Primer Pliego de Interrogatorio y Requerimiento de Producción de Documentos</u> a PR Cars. En el mismo, se le solicitó información sobre la existencia de alguna póliza de seguro que estuviese vigente al momento de los hechos. Ante la falta de contestación de parte de PR Cars, el **2 de marzo de 2016** las recurridas acudieron al Tribunal de Primera Instancia en solicitud de una orden para que la parte demandada realizara el descubrimiento de prueba requerido.

Finalmente, el **27 de junio de 2016** PR Cars contestó el interrogatorio y presentó los documentos solicitados, entre éstos, una copia de la póliza de seguro expedida por la Cooperativa de Seguros Múltiples de Puerto Rico (Cooperativa) a favor de PR Cars. Tan solo aproximadamente un (1) mes después, el **1 de agosto de 2016,** las recurridas solicitaron al foro primario enmendar la demanda para incluir a tal entidad aseguradora como parte demandada. A esos efectos, las recurridas alegaron que durante el descubrimiento de prueba advinieron en conocimiento por primera vez de que PR Cars estaba asegurada por la Cooperativa. Debido a lo anterior, estimaron que demandaron a la Cooperativa oportunamente.

Por su parte, la Cooperativa se opuso a tal enmienda. En esencia, arguyó que ésta no fue demandada ni se le reclamó extrajudicialmente dentro del término prescriptivo de un (1) año. En consecuencia, adujo que la demanda en su contra estaba prescrita. Ante este cuadro, el Tribunal de Primera Instancia autorizó la enmienda.

Inconforme, la Cooperativa acudió al Tribunal de Apelaciones, el cual denegó expedir el recurso. El foro apelativo determinó que, en efecto, las recurridas tuvieron conocimiento por primera vez de la existencia de la póliza de seguros mediante el descubrimiento de prueba solicitado. En virtud de ello, concluyó que la enmienda a la demanda fue oportuna.

Debido a lo anterior, la Cooperativa comparece ante este Tribunal y solicita que revoquemos los foros

recurridos. La Cooperativa arguye que las recurridas no fueron diligentes y permitieron que transcurrieran aproximadamente dos años antes de incluirla en el pleito. A esos efectos, arguyen que éstas debieron realizar más esfuerzos para conocer la identidad y existencia de la entidad aseguradora.

Asimismo, la Cooperativa alega que ésta no responde solidariamente junto a su asegurada, PR Cars. Por tanto, indica que la interrupción del término prescriptivo en torno a PR Cars no tiene efectos en la causa de acción contra la Cooperativa.

Por su parte, las recurridas reiteran que solicitaron enmendar la demanda oportunamente. Arguyen que, conforme a la teoría cognoscitiva del daño, éstas tenían un (1) año desde que conocieron de la existencia de la Cooperativa y de su posible responsabilidad para presentar una causa de acción o una reclamación extrajudicial. Por otro lado, las recurridas aducen que, en virtud del Código de Seguros de Puerto Rico, _infra_, la interrupción del término prescriptivo contra la persona asegurada surte efectos contra la entidad asegurada.

Repasados los hechos esenciales, procedemos a exponer los fundamentos de esta Opinión de conformidad en parte y disidente en parte.

**II**

**A.**

Como cuestión de umbral, la controversia ante nuestra consideración nos exige precisar la naturaleza de la

relación jurídica entre una entidad aseguradora y una persona asegurada en el contexto de responsabilidad civil extracontractual. De ésta depende la aplicación del término prescriptivo aplicable. Veamos.

Como es conocido, los contratos de seguros tienen implicaciones serias e importantes en nuestra sociedad. A razón de ello, hemos reconocido que las controversias relacionadas con los contratos de seguros están revestidas en un interés público. SLG Albert-García v. Integrand Asrn., 196 DPR 382, 389 (2016). Lo anterior responde principalmente al interés del Estado en reconocer "a las personas que reciban daños el derecho legítimo a recibir resarcimiento". Trigo v. The Travelers Ins. Co., 91 DPR 868, 876 (1965). De igual modo, se debe a que "la función primordial de una póliza de seguro es establecer un mecanismo para transferir un riesgo y de esta manera proteger al asegurado de ciertos eventos identificados en el contrato de seguro". Savary et al. v. Mun. Fajardo et al., 198 DPR 1014, 1023 (2017).

En virtud de ello, en el año 1957 la Asamblea Legislativa aprobó el Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, 26 LPRA sec. 101 et seq. (Código de Seguros).[8] En el mismo, se implantaron, entre una multiplicidad de asuntos, unas nuevas normas en torno a los seguros contra accidentes. Particularmente, se

---

[8] A tono con los orígenes del Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, 26 LPRA sec. 101 et seq., hemos recurrido a normas del derecho civil y derecho angloamericano para interpretar el mismo. SLG Albert-García v. Integrand Asrn., 196 DPR 382, 389 (2016).

precisó el alcance de la responsabilidad de una entidad aseguradora ante una persona asegurada en estas circunstancias. A esos fines, el Art. 20.010 provee lo siguiente:

> El asegurador que expidiere una póliza asegurando a una persona contra daños o perjuicios, por causa de responsabilidad legal por lesiones corporales, muerte o daños a la propiedad de una tercera persona, **será responsable cuando ocurriere una pérdida cubierta por dicha póliza**, y el pago de dicha pérdida por el asegurador **hasta el grado de su responsabilidad por la misma, con arreglo a la póliza**, no dependerá del pago que efectúe el asegurado en virtud de sentencia firme dictada contra él con motivo del suceso, ni dependerá de dicha sentencia. (Énfasis suplido). Art. 20.010 del Código de Seguros, supra, 26 LPRA sec. 2001.

Es decir, en estos casos, "se transfiere el riesgo de un evento específico a la aseguradora, quien viene obligada a cubrir los daños económicos por los que el asegurado esté llamado a responder". Savary v. Mun. Fajardo et al., supra. No obstante, como puede observarse, de ordinario la responsabilidad de la entidad aseguradora estará limitada a lo pactado en la póliza.

Asimismo, mediante el Código de Seguros, supra, la Asamblea Legislativa introdujo unos cambios significativos en torno a las distintas maneras en que una persona perjudicada puede solicitar el resarcimiento correspondiente a los daños sufridos. Para ello, el estatuto establece que "[l]a persona que sufriere los daños y perjuicios tendrá, a su opción, una **acción directa contra el asegurador** conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar **contra el asegurador**

**solamente o contra éste y el asegurado conjuntamente"**. (Énfasis suplido). Art. 20.030 del Código de Seguros, supra, 26 LPRA sec. 2003. En vista de lo anterior, hemos interpretado que una persona que alega haber sufrido daños y perjuicios causados por una persona asegurada puede dirigir su causa de acción (1) a la entidad aseguradora; (2) a la persona asegurada, o (3) a la entidad aseguradora y a la persona asegurada conjuntamente. Íd.; Neptune Packing Corp. v. Wackenhut Corp., 120 DPR 283, 289 (1988).

Así, se introdujo a nuestro ordenamiento la llamada acción directa proveniente de Luisiana. Trigo v. The Travelers Ins. Co., supra, pág. 873. Con tales cambios, la Asamblea Legislativa generó una responsabilidad de la entidad aseguradora hacia la persona perjudicada, la cual no depende de sentencia alguna o pago de parte de la persona asegurada. Lo anterior, en virtud de "la política pública acogida de brindar a las personas que reciban daño el derecho legítimo a recibir resarcimiento". SLG Albert-García v. Integrand Asrn., supra, pág. 392.

De este modo, Puerto Rico se unió a la tendencia de algunos estados de los Estados Unidos de América que han incorporado de igual manera estatutos de acción directa. Ello, en conformidad a "the public policy principle that although insurance policies are generally issued to specific insured(s), they are in truth issued for the benefit of all persons injured through the negligence of that/those insured(s)". T. F. Segalla y R.J. Cohen, Direct

Actions- Current Developments, 20 No. 9 Ins. Litig. Rep. 411 (1998).

De igual forma, es menester destacar que el Art. 20.030 provee una protección importante para las personas perjudicadas por los actos u omisiones negligentes de una persona asegurada. A esos fines, el estatuto provee que, si la persona perjudicada opta por presentar una demanda únicamente a la persona asegurada, "no se estimará por ello que se le prive, subrogándose en los derechos del asegurado con arreglo a la póliza, del derecho de sostener acción contra el asegurador y cobrarle luego de obtener sentencia firme contra el asegurado". Art. 20.030 del Código de Seguros, supra, 26 LPRA sec. 2003.

Ahora bien, como puede observarse, el Código de Seguros, supra, es silente en torno a la naturaleza de la responsabilidad entre la entidad aseguradora y la persona asegurada frente a la tercera persona perjudicada; entiéndase, no especifica si éstos responden solidaria o mancomunadamente. Sin embargo, lo que sí adelanta el texto de la ley es que las entidades aseguradoras responden según las limitaciones y las condiciones dispuestas en la póliza de seguro.[9] Lo anterior, es indicativo de que de ordinario

---

[9]De ordinario, la entidad aseguradora sólo responde hasta los límites de responsabilidad estipulados en el contrato de seguro. A modo de excepción, hemos reconocido que, en casos en que la entidad aseguradora actúe de mala fe anteponiendo sus propios intereses a los de la persona asegurada, la entidad aseguradora estará obligada a responder en exceso a lo pactado en la póliza. Morales v. Automatic Vending Service, Inc., 103 DPR 281, 288-290 (1975).

las entidades aseguradoras y las personas aseguradas no responden solidariamente, pues los codeudores solidarios están obligados cada uno a realizar íntegramente la prestación debida. Art. 1090 del Código Civil de Puerto Rico, 31 LPRA sec. 3101.

En contraste, la Asamblea Legislativa ha dispuesto expresamente que otros tipos de seguros sí generan una responsabilidad solidaria. Por ejemplo, el Código de Seguros, supra, provee que todo seguro de garantía obligará solidariamente a la entidad aseguradora y la persona asegurada. Art. 22.040 del Código de Seguros, supra, 26 LPRA sec. 2204. El Código de Seguros, supra, no dispone de tal distinción en cuanto a seguros contra accidentes.

Más aún, debemos destacar que, la legislación de Luisiana ha contemplado expresamente desde el año 1930 que las entidades aseguradoras responden solidariamente junto a las personas aseguradas. A esos efectos, la legislación sobre la acción directa disponía que ésta "may be bought either against the insurer company alone or against both the assured and the insurer company, **jointy and in solido**". LA Acts, No. 55 sec. 2 (1930). Actualmente, a pesar de haber sido objeto de enmiendas significativas, el estatuto mantiene la responsabilidad solidaria entre las entidades aseguradoras y las personas aseguradas, aunque en unos escenarios específicos. LA Rev. Stat. sec. 22:1269. Por tanto, es importante tener presente que, cuando la Asamblea Legislativa decidió incorporar tal mecanismo de Luisiana a nuestro ordenamiento, obvió esta especificación expresa. De

ello, nuevamente se desprende la intención legislativa de que la responsabilidad entre las entidades aseguradoras y las personas aseguradas no fuese solidaria.

Cónsono con ello, este Tribunal ha interpretado uniformemente que, en estos casos, no existe solidaridad entre las entidades aseguradoras y las personas aseguradas. Desde el año 1946, este Tribunal determinó en Cruz v. González, 66 DPR 212 (1946), que una entidad aseguradora y una persona asegurada no responden solidariamente ante una persona perjudicada, pues no se presentó prueba alguna de que éstas así se hayan obligado. Íd., pág. 214.

A la luz de lo anterior, este Tribunal reafirmó tal norma en Gen. Accid. Ins. Co. P.R. v. Ramos, 148 DPR 523 (1999). En el mismo, se resolvió que "la relación entre una aseguradora y su asegurado es de naturaleza **contractual** y se rige concretamente por lo pactado en el contrato de seguros, que es la ley entre las partes". (Énfasis en el original). Íd., pág. 531. En consecuencia, se interpretó que "[p]ara que exista solidaridad entre una compañía aseguradora y el asegurado, ello debe surgir claramente del contrato de seguros. Dicha solidaridad debe haberse pactado expresamente o, al menos, debe surgir claramente del contenido del contrato que la relación entre las partes se constituyó con tal carácter". Íd., pág. 537.

Por tanto, de los fundamentos expuestos se desprende que, en efecto, las obligaciones pactadas en un contrato de seguros no se presumen solidarias. Por tal razón, la entidad aseguradora que pacta responder por los actos u omisiones

de una persona asegurada no se obliga solidariamente hasta tanto así se acuerde entre las partes. Ello, es la interpretación más razonable, pues entre las entidades aseguradoras y las personas aseguradas hay una relación contractual en la cual las partes voluntariamente pactaron los términos y las condiciones a las que se obligaron. De lo contrario, imponer una responsabilidad solidaria a una parte que no se obligó a ello laceraría los principios básicos de pacta sunt servanda.

Una vez aclarado este asunto de umbral, abundemos en las repercusiones e implicaciones que tiene la naturaleza de esta relación jurídica sui generis en la figura de la prescripción.

**B.**

La prescripción extintiva es una figura jurídica que limita el período de tiempo que tiene una persona para reclamar un derecho frente a un deudor. Así, la prescripción es un método de extinción de obligaciones que tiene como propósito promover la estabilidad de las relaciones jurídicas al estimular el ejercicio ágil y rápido de las acciones. Fraguada Bonilla v. Hosp. Aux. Mutuo, 186 DPR 365, 373 (2012). Esto, pues mediante la referida figura se busca evitar la incertidumbre que puede causar la presentación de reclamaciones antiguas y las consecuencias inevitables que presupone el transcurso del tiempo, tales como la pérdida de evidencia, la memoria imprecisa de las personas envueltas, la dificultad de encontrar testigos,

entre otros. Íd. Lo anterior, teniendo presente que "**la prescripción no es una figura rígida sino que la misma admite ajustes judiciales, según sea requerido por las circunstancias particulares de los casos y la noción de lo que es justo**". (Énfasis en el original). Santiago v. Ríos Alonso, 156 DPR 181, 189-190 (2002).

Como es sabido, las acciones prescriben por el mero lapso del tiempo fijado por la ley. Art. 1861 del Código Civil de Puerto Rico, 31 LPRA sec. 5291. A esos efectos, el Código Civil de Puerto Rico cuenta con un detallado esquema en el cual se delinea el término prescriptivo para las distintas acciones de nuestro ordenamiento. Arts. 1862-1875 del Código Civil de Puerto Rico, 31 LPRA secs. 5292-5305.

Una vez iniciado el término prescriptivo, corresponde a la parte agraviada expresar su voluntad de conservar su derecho a ser indemnizado, conforme a los mecanismos dispuestos en nuestro ordenamiento. Ello es así, pues el transcurso del término prescriptivo aplicable, sin reclamo alguno por parte del titular del derecho, conlleva la activación de una presunción legal de renuncia o abandono. Zambrana Maldonado v. E.L.A., 129 DPR 740, 752 (1992).

Nuestro ordenamiento reconoce tres maneras de manifestar la voluntad de conservar un derecho y que, por ende, interrumpen efectivamente la prescripción extintiva. Estos actos son: (1) el ejercicio de un derecho ante un foro judicial; (2) la reclamación extrajudicial de parte del titular de un derecho dirigida al deudor, y (3) el

reconocimiento de una deuda por parte del deudor. Art. 1873 del Código Civil de Puerto Rico, 31 LPRA sec. 5303.

De igual modo, es sabido que la interrupción de un término prescriptivo en las obligaciones solidarias perjudicada a todos los acreedores por igual. Art. 1874 del Código Civil de Puerto Rico, 31 LPRA sec. 5304. Por otro lado, en el caso de las obligaciones mancomunadas, la persona acreedora debe interrumpir el término prescriptivo en torno a cada acreedor individualmente. Íd.

Sin embargo, en materia de responsabilidad extracontractual, cuando varias personas causan un daño, estás responden solidariamente ante la persona perjudicada. Cubano v. Jiménez et al., 32 DPR 167, 170 (1923). A pesar de que, como norma general la solidaridad no se presume, hemos razonado que la persona perjudicada tiene derecho a ser compensada de la forma más ágil y efectiva. Por tanto, en estos casos, las personas responsables están obligadas cada una a prestar íntegramente el resarcimiento adeudado.

Lo anterior, teniendo presente que en Fraguada Bonilla v. Hosp. Aux. Mutuo, supra, pág. 389, precisamos que, en estas circunstancias, aplica la doctrina de solidaridad impropia en materia de prescripción. Ello implica que la persona perjudicada por un daño o perjuicio tiene que interrumpir el término prescriptivo individualmente en contra de cada uno de los responsables de los daños causados.

Ahora bien, al aplicar las normas antes esbozadas al contexto particular de una causa de acción en daños y

perjuicios dirigida a una entidad aseguradora y a la persona asegurada, este Tribunal ha emitido dictámenes contradictorios.

Inicialmente, en el año 1949 y previo a la aprobación del Código de Seguros, supra, este Tribunal determinó que las entidades aseguradoras y las personas aseguradas no respondían solidariamente ante una tercera persona perjudicada, salvo pacto en contrario. Cruz v. González, supra. En consecuencia, se resolvió que la persona perjudicada estaba obligada a interrumpir el término prescriptivo individualmente contra cada una. Íd., pág. 215.

Sin embargo, en Barrientos v. Gob. de la Capital, 97 DPR 552 (1969), este Tribunal determinó que, una vez una persona perjudicada interrumpía el término prescriptivo en contra de una persona asegurada, automáticamente se interrumpía el término prescriptivo en contra de la entidad asegurada. El Tribunal fundamentó su conclusión en el Art. 20.030 del Código de Seguros, supra, 26 LPRA sec. 2003, el cual provee que, una vez la persona perjudicada obtiene una sentencia firme contra una persona asegurada, ésta se puede subrogar en el lugar de la persona asegurada y reclamarle a la entidad aseguradora. De esta manera, el Tribunal incluyó como parte demandada a una entidad aseguradora en un pleito de daños y perjuicios que había comenzado diez (10) años antes.

No obstante, la garantía que provee el Código de Seguros, supra, en protección de la persona perjudicada no

derrota la naturaleza de la relación entre la persona asegurada y la entidad aseguradora. Como norma general, éstas no responderán solidariamente, por lo que esta protección no tiene implicación alguna en el deber de interrumpir el término prescriptivo individualmente contra la persona asegurada y una entidad aseguradora.

Eventualmente, este Tribunal indirectamente revocó el precedente de Barrientos v. Gob. de la Capital, supra, y resolvió en Durán Cepeda v. Morales Lebrón, 112 DPR 623 (1982) que una acción dirigida la aseguradora del Estado no interrumpió la acción en contra del Estado. Íd., págs. 624-625. De este modo, se validó la premisa de que una persona perjudicada que interesa demandar a ambos, la persona asegurada y la entidad aseguradora, debe interrumpir el término prescriptivo en contra de cada una. Posteriormente, en Gen. Accid. Ins. Co. P.R. v. Ramos, supra, pág. 538, se resolvió igualmente que, al no existir un pacto de solidaridad entre la persona asegurada y la entidad aseguradora, la persona perjudicada debió interrumpir el término prescriptivo en contra de cada una.

En virtud de los últimos desarrollos jurisprudenciales en torno a la naturaleza de la relación jurídica entre una entidad aseguradora y una persona asegurada, lo reconocido en la Opinión de conformidad, en ese extremo, es correcto. Las entidades aseguradoras y las personas aseguradas no responden solidariamente ante las personas perjudicadas. Por tanto, de interesar dirigir una causa de acción en

contra de ambas, se deberá interrumpir el término prescriptivo en torno a cada una.

Atendidos los efectos de la responsabilidad de una persona asegurada y la entidad aseguradora en la prescripción, abundemos en la aplicación de la teoría cognoscitiva del daño a estas circunstancias.

**C.**

Las reclamaciones por daños derivadas de acciones u omisiones culposas o negligentes tienen un plazo prescriptivo de un (1) año. Art. 1868 del Código Civil de Puerto Rico, 31 LPRA sec. 5298. Hemos resuelto expresamente que el referido término prescriptivo de un (1) año aplica igualmente a las acciones en daños y perjuicios presentadas en contra de las entidades aseguradoras. Ruiz Millán v. Maryland Cas. Co., 101 DPR 249, 251 (1973) (Per Curiam).

Lo anterior, responde a que "si bien la hemos clasificado como una acción directa, separada y distinta de la del perjudicado contra el causante del daño, la que autoriza el Código de Seguros a deducirse contra la compañía aseguradora, **lo cierto es que la responsabilidad de uno y otra emana del mismo Art. 1802 del Código Civil**". (Énfasis suplido). (Citas omitidas). Íd., pág. 250. En vista de lo anterior, este Tribunal ha determinado que si "[t]eniendo las dos acciones, tanto la que se incoe contra el asegurado como la que se siga contra la compañía aseguradora el mismo **origen** y dependiendo las dos de la misma prueba, no hay justificación para establecer períodos prescriptivos distintos". (Énfasis suplido). Íd., pág. 251. Por tales

razones, si una persona perjudicada por una persona asegurada interesa presentar una causa de acción en contra de la entidad aseguradora de ésta, tendrá que hacerlo dentro del término de un (1) año.

Claro está, conforme a la tendencia de la doctrina civilista, hemos reiterado que dicho término prescriptivo comienza a decursar a partir del momento en que una persona perjudicada conoció o debió conocer que sufrió un daño, quien lo causó y los elementos necesarios para ejercer su causa de acción. CSMPR v. Carlo Marrero et als., 182 DPR 411, 425-426 (2011). En virtud de la teoría cognoscitiva del daño, hemos resuelto que el término para ejercer las acciones de daños y perjuicios "comienza a transcurrir, no cuando se sufre el daño, sino cuando se **conocen todos los elementos necesarios para poder ejercer la acción**". (Énfasis suplido). Padín v. Cía Fom. Ind., 150 DPR 403, 411 (2000).

A la luz de lo anterior, en nuestro ordenamiento no puede exigirse que se ejerza una acción de daños y perjuicios "si de buena fe el titular **desconoce que tiene derecho a ejercitarla**". (Énfasis suplido). Vega v. J. Pérez & Cía, Inc., 135 DPR 746, 754-755 (1994). Esto, pues "un estatuto de prescripción cuyo efecto sea exigir a la parte demandante que presente una causa de acción antes de tener conocimiento de la existencia de ésta, viola el debido proceso de ley". Fraguada Bonilla v. Hosp. Aux. Mutuo,

supra, pág. 390.[10] En consecuencia, "una acción en daños y perjuicios **no nace mientras el perjudicado no tenga conocimiento de su derecho a esa acción**". (Énfasis suplido). Vega v. J. Pérez & Cía, Inc., supra, pág. 755.

Por tales fundamentos, hemos resuelto expresamente que "si mediante el **descubrimiento de prueba** u otro medio el agraviado conoce de la existencia de otro coautor y del resto de los elementos necesarios para reclamarle, el término prescriptivo contra ese alegado cocausante comenzará a transcurrir en ese momento". (Énfasis suplido). Fraguada Bonilla v. Hosp. Aux. Mutuo, supra, pág. 390. Ello, pues es irrazonable exigir que se dirija una causa de acción cuando se desconoce la identidad y existencia de una persona responsable por los daños causados.

## III

Como expusimos anteriormente, las recurridas tuvieron un accidente automovilístico con el señor Rodríguez Casiano. A raíz del mismo, dirigieron inicialmente su causa de acción de daños y perjuicios contra el señor Rodríguez Casiano y PR Cars, entidad que rentó el vehículo. Eventualmente, durante el descubrimiento de prueba, éstas

---

[10]Véase además, Santiago v. Ríos Alonso, 156 DPR 181, 190 (2002) ("Es por ello que hemos establecido que aquella disposición sobre prescripción que exija a los demandantes a instar su causa de acción antes de éstos advengan en conocimiento de que tal acción le asiste viola su derecho al debido proceso de ley".); Martínez v. Bristol Meyers, Inc. 147 DPR 383, 405 (1999) ("En ese sentido, también hemos resuelto que viola el derecho a un debido proceso de ley aquella disposición sobre prescripción que exija a los demandantes instar su acción antes de que éstos puedan tener conocimiento de que tal causa de acción existe a su favor".).

diligentemente solicitaron información sobre la existencia de alguna póliza de seguro que respondiera por las pérdidas y daños ocurridos. Por atrasos en el pleito que fueron causados propiamente por PR Cars, el **27 de junio de 2016** las recurridas advinieron en conocimiento por primera vez de la existencia de una póliza emitida por la Cooperativa a favor de PR Cars. Tan solo **un mes y cinco días después** de recibir tal información, las recurridas diligentemente solicitaron al Tribunal de Primera Instancia enmendar la demanda para incluir a la Cooperativa como parte demandada.

Ante este cuadro, la Opinión de conformidad atiende una multiplicidad de asuntos complejos que exige la controversia. Particularmente, se adentra en la naturaleza de la responsabilidad de la Cooperativa y PR Cars, como entidad aseguradora y su asegurado, frente a las recurridas, como terceras personas perjudicadas. A esos fines, concluye correctamente que éstas no responden solidariamente ante las recurridas. Ello, pues las obligaciones pactadas en un contrato de seguro no se presumen solidarias. A la luz de lo anterior, determina acertadamente que las recurridas estaban obligadas a interrumpir el término prescriptivo de un (1) año tanto contra PR Cars como contra la Cooperativa.

Ahora bien, la Opinión de conformidad concluye, a mi juicio erróneamente, que las recurridas están impedidas de enmendar la demanda para incluir a la Cooperativa como parte demandada, pues transcurrió más de un (1) año **desde la fecha del accidente.** Es decir, rechaza la aplicación de la teoría cognoscitiva del daño a controversias de esta naturaleza y

concluye que las personas perjudicadas por las acciones u omisiones de una persona asegurada solo pueden demandar a una entidad aseguradora dentro del término de un (1) año desde que se **causó** el daño o perjuicio. Lo anterior, independientemente de la fecha en que la persona perjudicada advino en conocimiento de la existencia e identidad de una entidad aseguradora.[11]

Para fundamentar tal conclusión, se interpreta que, en estos casos, no aplica la teoría cognoscitiva del daño debido a que las entidades aseguradoras no son propiamente cocausantes del daño. Por entender que la entidad aseguradora sólo responde en virtud de su relación contractual con la persona asegurada, se sostiene que no es relevante el momento en que la persona perjudicada advino en conocimiento de la existencia e identidad de la entidad aseguradora.

Ciertamente, la relación jurídica que se genera entre de una entidad aseguradora frente a una persona perjudicada por los actos u omisiones negligentes de una persona asegurada es sui generis. Por un lado, se genera una responsabilidad solidaria entre los cocausantes del daño

---

[11]Durante el transcurso de este pleito, se hicieron varios señalamientos cobijados en las Reglas de Procedimiento Civil de Puerto Rico. Por tal razón, la Opinión de conformidad abunda en las normas aplicables a la sustitución de partes. Sin embargo, por entender que la Sra. Laura Menéndez Lebrón y la Sra. Myrna Velázquez Castro incluyeron oportunamente a la Cooperativa de Seguros Múltiples de Puerto Rico en el pleito dentro del término prescriptivo de un (1) año desde que conocieron de su existencia, no es necesario que nos expresemos en torno a estas normas procesales.

frente a la tercera persona perjudicada, mientras simultáneamente se activa la responsabilidad contractual de la entidad aseguradora de responder por las pérdidas cubiertas en la póliza de seguro.

Sin embargo, el hecho de que una entidad aseguradora no sea cocausante no es suficiente para descartar la aplicación de la teoría cognoscitiva del daño. Independientemente de que la persona perjudicada decida dirigir su causa de acción en contra de la persona asegurada, la entidad aseguradora o a ambas a la vez, "**lo cierto es que la responsabilidad de un[a] y otra emana del mismo Art. 1802 del Código Civil**". Ruiz Millán v. Maryland Cas. Co., supra, pág. 250. Por tanto, como en toda acción de daños y perjuicios, el término prescriptivo para entablar la causa de acción comenzará a decursar en conformidad a la teoría cognoscitiva del daño, a saber, **desde el momento en que conoce** el daño, quien lo causó y los **elementos necesarios para poder ejercer la acción.** CSMPR v. Carlo Marrero et als., supra; Padín v. Cía Fom. Ind., supra.

No hay fundamento jurídico alguno para desligar la teoría cognoscitiva del daño de una causa de acción de daños y perjuicios. Al resolver de esta manera, se priva a una parte perjudicada de exigir el resarcimiento a una entidad aseguradora porque **desconocía de su existencia.** Esto, en clara contravención a nuestros consecuentes pronunciamientos en contra de la aplicación de un término prescriptivo que exija a una parte demandante instar su causa de acción antes de ésta advenga en conocimiento de

que tal acción le asiste. Santiago v. Ríos Alonso, 156 DPR 181, 190 (2002); Martínez v. Bristol Meyers, Inc. 147 DPR 383, 405 (1999); Vega v. J. Pérez & Cía, Inc., supra.

Indistintamente de que entre la persona asegurada y la entidad aseguradora existe una relación contractual que obliga a ésta última a responder por los daños y las pérdidas cubiertas en la póliza, no podemos imputarle a una tercera persona perjudicada el conocimiento de tal relación. Mucho menos, podemos imputar el conocimiento de toda la información necesaria para ejercer adecuadamente la causa de acción. Para ello precisamente es que se desarrolló y se aplicó la teoría cognoscitiva del daño; para promover que una persona perjudicada tenga el tiempo adecuado para conocer e indagar sobre todos los elementos necesarios para acudir a la maquinaria judicial y vindicar sus derechos adecuadamente.[12]

A la luz de estos fundamentos, no podemos avalar la desestimación de la controversia ante nuestra consideración. Las recurridas han dirigido su causa de acción diligentemente. Éstas presentaron la demanda de daños y perjuicios oportunamente contra las personas que, en ese momento, conocían que podrían responden por sus pérdidas. Una vez comenzado el pleito, éstas responsablemente presentaron pliegos y requerimientos de

---

[12]Máxime, cuando en este caso en particular, la parte demandada incurrió en rebeldía y con sus omisiones dilató el trámite judicial y la divulgación de la información necesaria para advenir en conocimiento de la identidad de la entidad aseguradora.

descubrimiento de prueba dirigidos a indagar sobre la existencia de una póliza de seguro y de la identidad de la entidad aseguradora.

Sin embargo, las recurridas tuvieron que esperar alrededor de **siete meses** para recibir una contestación a sus requerimientos. Al recibir la información solicitada el **27 de junio de 2016** y conocer, por primera vez, la existencia de la Cooperativa, las recurridas tenían un término de un (1) año desde ese momento para dirigir su causa de acción en contra de la Cooperativa. Al acudir al Tribunal de Primera Instancia el **1 de agosto de 2016** para solicitar la inclusión de la Cooperativa como parte demandada, las recurridas actuaron correcta y oportunamente.

**IV**

Por entender que las recurridas presentaron la solicitud de enmienda a la demanda oportunamente y dentro del término prescriptivo de un (1) año desde que conocieron sobre la existencia de la Cooperativa, disiento de dictamen revocatorio emitido por este Tribunal.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Laura Menéndez Lebrón & Myrna
Velázquez Castro

    Recurridas

                      AC-2017-0097      Apelación

       v.

Amel Rodríguez Casiano, Puerto
Rico Cars Inc., Cooperativa de
Seguros Múltiples, John Doe y
Compañía de Seguros ABC

    Peticionarios

Opinión Disidente emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico a 3 de febrero de 2020.

Disentimos del curso de acción seguido por una mayoría de este Tribunal en la causa de epígrafe, ello por entender que las señoras Laura Menéndez Lebrón y Myrna Velázquez Castro, las aquí peticionarias, **dentro del término prescriptivo de un (1) año que tenían para ello**, enmendaron su demanda -- en daños y perjuicios -- a los fines de traer al pleito a la Cooperativa de Seguros Múltiples de Puerto Rico, entidad contra la cual tenían cierta reclamación conforme a determinada póliza de seguros. Y es que somos de la opinión que en el presente caso aplica

todo lo relacionado a la teoría cognoscitiva del daño, lo anterior por tratarse aquí de una acción en daños y perjuicios al amparo del Art. 1802 del Código Civil, *infra*.

Conforme a dicha teoría, el término prescriptivo de un (1) año que tenían las señoras Menéndez Lebrón y Velázquez Cruz para instar su causa de acción en contra de la Cooperativa de Seguros Múltiples comenzó a transcurrir a partir del momento en que estas últimas advinieron en conocimiento de todos los elementos requeridos en nuestro ordenamiento jurídico para poder instar su causa de acción. No antes, ni después. Veamos.

I.

Los hechos medulares que dan margen al presente litigio no están en controversia. En síntesis, el caso de marras versa sobre cierta acción en daños y perjuicios que incoaron las señoras Laura Menéndez Lebrón y Myrna Velázquez Castro (en conjunto, "las señoras Menéndez Lebrón y Velázquez Castro") luego de haber sufrido un accidente automovilístico el 6 de abril de 2014. En la demanda incoada el 10 de octubre de ese mismo año, éstas incluyeron como demandados al conductor del vehículo, señor Amel Rodríguez Casiano, la compañía propietaria PR Cars Inc. (en adelante, "PR Cars"), a John Doe y a la Compañía de Seguros ABC.

Ahora bien, no empece haber incluido en el epígrafe y en las alegaciones de la demanda a cierta compañía de seguros de nombre desconocido, no fue hasta el 27 de junio

de 2016 que éstas advinieron en conocimiento de que la Cooperativa de Seguros Múltiples de Puerto Rico fue la compañía de seguros que expidió una póliza a favor de PR Cars. **La demora en identificar a la compañía aseguradora se debió exclusivamente a que, inicialmente, el codemandado PR Cars fue declarado en rebeldía por el Tribunal de Primera Instancia y, posteriormente, éste tardó más de ocho (8) meses en producir los documentos que le fueron solicitados por las demandantes.**

Así las cosas, el 1 de agosto de 2016 las señoras Menéndez Lebrón y Velázquez Castro enmendaron su demanda a los fines de incluir a la referida aseguradora. Como hemos podido apreciar, -- y contrario a lo que se intima en la Opinión que hoy emite este Tribunal -- dicha demora no puede ser atribuida a éstas. La misma se debió, exclusivamente, a la temeridad desplegada por el codemandado PR Cars en la tramitación del presente litigio.

Sin embargo, la Cooperativa de Seguros Múltiples acude ante nos y señala que la causa de acción en su contra está prescrita pues, a su juicio, ésta fue incluida en el pleito a destiempo, es decir, fuera del término prescriptivo de un (1) año. No le asiste la razón. Veamos.

## II.

Como es sabido, la prescripción extintiva es una de las formas de extinción de un derecho, por la inercia de una parte en ejercer el mismo dentro del término prescrito por ley. *Maldonado Rivera v. Suárez*, 195 DPR 182 (2016);

*Fraguada Bonilla v. Hospital del Auxilio Mutuo*, 186 DPR 365 (2012); *S.L.G. Serrano-Báez v. Foot Locker*, 182 DPR 824, 831 (2011). De esa manera, el objetivo que se persigue mediante dicha figura es impedir la incertidumbre de las relaciones jurídicas y sancionar la inacción del ejercicio de los derechos. *Orraca López v. ELA,* 192 DPR 31, 49 (2014); *COSSEC v. González López*, 179 DPR 793 (2010); *Santos de García v. Banco Popular*, 172 DPR 759 (2007).

**Conforme a lo anterior, el Art. 1868 del Código Civil, 31 LPRA sec. 5298, dispone que las acciones de daños y perjuicios por culpa o negligencia a las que se refiere el Art. 1802, 31 LPRA sec. 5141, como las incoadas en el presente caso, tienen un término de prescripción de un (1) año.** *Col. Mayor Tecn. v. Rodríguez Fernández*, 194 DPR 635, 644 (2016); *Toro Rivera v. ELA*, 194 DPR 393, 415 (2015); *Fraguada Bonilla v. Hosp. Aux. Mutuo*, *supra*. **El punto de partida de dicho término es la fecha en que el agraviado conoció o debió haber conocido que sufrió un daño, quién lo ocasionó, así como los elementos necesarios para poder ejercitar su causa de acción.** *Rivera Ruiz v. Mun. de Ponce*, *supra*; *Toro Rivera v. ELA*, *supra*; *Fraguada Bonilla v. Hosp. Aux. Mutuo*, *supra*. **Esta doctrina se conoce en nuestro ordenamiento jurídico como la teoría cognoscitiva del daño.** *COSSEC et al. v. González López et al.*, *supra*; *García Pérez v. Corp. Serv. Mujer,* 174 DPR 138 (2008); *Vera v. Dr. Bravo*, 161 DPR 308 (2004).

En esa dirección en *Fraguada Bonilla*, *supra*, -- un caso en el que se determinó que, conforme a la doctrina de la solidaridad impropia, se debe interrumpir dicho término prescriptivo por cada cocausante del daño --, esta Curia expresó que si, mediante el descubrimiento de prueba u otro medio, el agraviado conoce de la existencia de otro <u>coautor</u> y del resto de los elementos necesarios para reclamarle, el término prescriptivo contra ese alegado cocausante comenzará a transcurrir en ese momento. Esto, pues un estatuto de prescripción cuyo efecto sea exigir a la parte demandante que presente una causa de acción antes de tener conocimiento de la existencia de ésta, viola el debido proceso de ley. *Íd*, pág. 390.

Ahora bien, en lo pertinente a la controversia ante nuestra consideración, el profesor José Julián Álvarez González ha expresado que un asegurador no puede ser considerado como un cocausante del daño. Ello debido a que la compañía aseguradora no participa en la conducta que da paso a la acción en daños y perjuicios. J. J. Álvarez González, *Responsabilidad Civil Extracontractual*, 78 Rev. Jur. U.P.R. 475, 505 (2009).[13] Al respecto, conviene discutir lo resuelto por este Tribunal en *Ruiz Millán v. Maryland Cas. Co.*, 101 DPR 249 (1973), el cual se cita con aprobación en la ponencia circulada para el caso de autos.

---

[13] Tras analizar varias decisiones emitidas por este Tribunal en cuanto al Art. 20.30 del Código de Seguros, el profesor Álvarez González expresa que en la relación jurídica entre una aseguradora y su asegurado no existe solidaridad, ya que el Código de Seguros no la establece y, como es sabido, la solidaridad no se presume.

En **_Ruiz Millán v. Maryland Cas. Co._, _supra_, se aclaró que, si bien se ha clasificado la acción que el Código de Seguros permite incoar en contra de una aseguradora como una directa, separada y distinta de la que presenta el perjudicado en contra del causante del daño, <u>la responsabilidad de uno y otro emana del mismo Art. 1802 del Código Civil, _supra_.</u>** Por ello, la compañía de seguros allí demandada pudo levantar como defensa el término prescriptivo de un (1) año establecido en el Art. 1868 del Código Civil, 31 LPRA sec. 5298, para las reclamaciones extracontractuales. Lo anterior, pues este Tribunal entendió que por tratarse de acciones del mismo origen -- y dependiendo las dos de la misma prueba -- no existía justificación para establecer periodos prescriptivos distintos.

Por otra parte, conviene también señalar aquí, que en cuanto a las enmiendas a las alegaciones, hemos indicado que conforme a la Regla 13.1, 32 LPRA Ap. V., el alcance de la liberalidad para permitir dichas enmiendas no es infinita, por lo que el juzgador debe considerar cuatro elementos al aplicar la precitada regla, a saber: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio a la otra parte; y (4) la procedencia de la enmienda solicitada. _SLG Sierra v. Rodríguez_, 163 DPR 738, 748-49 (2005). Véase, además, _Romero v. S.L.G. Reyes_, 164 DPR 721, 730 (2005). Así, hemos expresado que la solicitud tardía de la enmienda no es

suficiente de por sí para rechazarla, si no se ha causado perjuicio a la otra parte. *SLG Sierra v. Rodríguez*, *supra*, pág. 749; *Torres Cruz v. Municipio de San Juan*, 103 DPR 217, 220 (1975).

En esa dirección, el comentarista José A. Cuevas Segarra señala que "[c]uando la propuesta demanda enmendada altera radicalmente el alcance y la naturaleza del caso, con un consecuencial cambio, convirtiendo la controversia inicial en tangencial, el permiso para enmendar debe ser denegado". J. A. Cuevas Segarra, *Tratado de Derecho Procesal civil,* San Juan, Pubs. J.T.S., 200, T.1, pág. 316. No empece a ello, aclara que se pueden adicionar nuevas teorías y nuevas reclamaciones, pues estos cambios por sí solos no son suficientes para denegar el permiso para enmendar, a menos que con ellos se cause perjuicio al demandado. Cuevas Segarra, *op. cit.,* pág. 317.

III.

Cónsono con lo anterior, somos del criterio que, en lo que respecta la causa de epígrafe, las señoras Menéndez Lebrón y Velázquez Castro, el 1 de agosto de 2016,[14] enmendaron oportunamente su demanda, entiéndase dentro del término prescriptivo de un (1) año, a los fines de incluir a la aseguradora Cooperativa de Seguros Múltiples. Para llegar a la anterior conclusión entendemos como determinante que éstas fueron sumamente diligentes al

---

[14] Recordemos que éstas advinieron en conocimiento de que la Cooperativa de Seguros Múltiples era la compañía aseguradora de PR Cars el 27 de junio de 2016, luego de que estos últimos produjeran los documentos solicitados por las demandantes.

solicitar al codemandado PR Cars que reprodujera ciertos documentos y que contestara los interrogatorios remitidos como parte del proceso de descubrimiento de prueba.

Sin embargo, debido a la temeridad del referido codemandado -- quien fue declarado en rebeldía y quien posteriormente demoró más de ocho (8) meses en responder el petitorio de las demandantes -- no fue hasta más de un (1) año después de que ocurrieron los hechos que dieron margen a la presente acción en daños y perjuicios, que éstas pudieron advenir en conocimiento de que la Cooperativa de Seguros Múltiples era la aseguradora de PR Cars. Conforme a la normativa antes expuesta, es a partir de ese momento, y no de otro, que comienza a transcurrir el término prescriptivo de un (1) año que éstas tenían para incluir en el pleito a la mencionada compañía aseguradora, pues contaban con los elementos necesarios para enmendar su demanda a esos fines.

No olvidemos que el objetivo que persigue la figura de la prescripción es impedir la incertidumbre de las relaciones jurídicas y sancionar la inacción del ejercicio de los derechos. Sin lugar a dudas, las demandantes en el presente caso actuaron con la debida diligencia para ejercitar su causa de acción.

Asimismo, no cabe hablar aquí de incertidumbre cuando la naturaleza del negocio de las compañías aseguradoras está basada, precisamente, en la incertidumbre que ocasiona la asunción del riesgo al expedir las pólizas, en este caso

contra accidentes. Máxime cuando, conforme al Art. 20.030 del Código de Seguros, 26 LPRA sec. 2003, el perjudicado tiene disponible varios cursos de acción a seguir, incluyendo incoar una reclamación en contra de la aseguradora luego de que haya recaído sentencia firme en contra del asegurado.[15]

En fin -- y a modo de epílogo -- es precisamente la diligencia en el ejercicio de los derechos lo que se pretende salvaguardar mediante la prescripción. No obstante, contrario a lo anterior, la Sentencia que la mayoría de los miembros de esta Curia emite en el día de hoy tiene el efecto de penalizar a una parte del presente litigio que fue en extremo diligente en la tramitación de su causa de acción. Ello es injusto y no lo podemos avalar.

IV.

Es, pues, por todo lo anterior que respetuosamente disentimos.

Ángel Colón Pérez
Juez Asociado

---

[15] El inciso (3) del referido artículo dispone:

Si el perjudicado entablara demanda contra el asegurado solamente, no se estimará por ello que se le prive, subrogándose en los derechos del asegurado con arreglo a la póliza, del derecho de sostener acción contra el asegurador y cobrarle luego de obtener sentencia firme contra el asegurado. 26 LPRA sec. 2003.